# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

KIEL RICHARD STONE,            )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 3:16-cv-762
                               )
INDIANA STATE POLICE, et al.,  )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on the Motion to Proceed in Forma Pauperis, filed by pro se Plaintiff, Kiel Richard Stone, on November 9, 2016 (DE #2); and the Motion for Status Hearing, filed by Plaintiff, Kiel Richard Stone, on February 1, 2017 (DE #6). For the reasons set forth below, this matter is **DISMISSED** for lack of subject matter jurisdiction. Additionally, the Motion to Proceed in Forma Pauperis (DE #2) and the Motion for Status Hearing (DE #6) are **BOTH DENIED AS MOOT.**

In this case, Stone sues 11 defendants including, *inter alia*, the Indiana State Police, Home Land Security, the Central Intelligence Agency, the Federal Bureau Investigation, and the Drug Enforcement Agency (DE #1). In his complaint, he alleges a series of issues with these agencies including he has been under 24 hour surveillance by the agencies for almost 10 years, they tapped his phones through Sprint and the Dish Network, and Indiana State Police helicopters have buzzed his house and his parents house. As

the relief requested, he requests all the investigative records and video and audio recordings pertaining to him. (DE #1.)

This Court is aware that Stone has filed a number of other complaints against law enforcement agencies and other companies allegedly responsible for alleged surveillance of him. *See, e.g.*, 3:16-cv-00765-WCL-MGG *Stone v. Laurys*; 3:16-cv-00771-WCL-MGG *Stone v. Indiana State Department of Health*; 3:16-cv-00772-WCL-MGG *Stone v. The Dan Lebtard Show with Stugotz et al.*; 3:16-cv-00787-JTM-MGG *Stone v. Sprint*; 3:16-cv-00792-JD-MGG *Stone v. Dish Network*; 3:16-cv-00831-JVB-MGG *Stone v. Laurys*; and 3:16-cv-00847-JTM-MGG *Stone v. Dish Network*.

Title 28 U.S.C. § 1915(e)(2)(B) directs the court to screen all complaints filed with requests to proceed in forma pauperis, and to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, the Court must first determine if it has subject matter jurisdiction over the case.

Here, Stone's complaint does not identify any federal law under which his alleged wrongful surveillance claims may be brought. Accordingly, there is no federal jurisdiction under 28 U.S.C. § 1331. Additionally, he has not alleged any facts to establish jurisdiction under 28 U.S.C. § 1332 (requiring plaintiff and defendants to be citizens of different states and an amount in

controversy exceeding $75,000).  The complaint suggests no other bases for federal jurisdiction.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted."  *Carpenter v. PNC Bank, Nat. Ass' n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").  Here, Plaintiff's complaint fails to state a claim for relief that is plausible on its face, and any amendment would be futile.

For the reasons set forth above, this matter is **DISMISSED** for lack of subject matter jurisdiction.  Additionally, the Motion to Proceed in Forma Pauperis (DE #2) and the Motion for Status Hearing (DE #6) are **BOTH DENIED AS MOOT**.


**DATED: February 22, 2017**  /s/ RUDY LOZANO, Judge
**United States District Court**

3